JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-01856-RGK-MRW | Date | March 12, 2021 |
| Title | *Margarita Esparza v. FCA US LLC, et al* | | |

**Present: The Honorable**   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:                                    Attorneys Present for Defendant:

Not Present                                                                     Not Present

**Proceedings:**        **(IN CHAMBERS)** Order Re: Remanding Action to State Court

On January 28, 2021, Margarita Esparza ("Plaintiff") sued FCA US LLC ("Defendant") in state court. The complaint alleges breach of express and implied warranties and violations of the Song-Beverly Warranty Act. Plaintiff seeks rescission of the purchase contract; reimbursement for all money paid; attorneys' fees; civil penalties; general, special, and incidental damages. Defendant removed the action to this Court based on diversity of citizenship on February 26, 2021.

Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

A civil action may be removed to federal district court so long as original jurisdiction would lie in the court to which the case is removed. 28 U.S.C. § 1332 provides that district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court based on § 1332 bears the burden of proving that the amount in controversy is satisfied. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007); *see Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (recognizing the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant.") If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Id.*

To calculate the amount in controversy, Defendant starts with the vehicle's total purchase price of $64,498.84. It then states that the jurisdictional minimum is met by including civil penalties, which it calculates as double the purchase agreement amount, and attorneys' fees. But Defendant's inclusion of civil penalties and attorneys' fee are highly speculative. Thus, Defendant fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-01856-RGK-MRW | Date | March 12, 2021 |
|---|---|---|---|
| Title | *Margarita Esparza v. FCA US LLC, et al* | | |

Start with the civil penalties. Although civil penalties may be included in determining the amount in controversy, Plaintiff has not indicated what that amount would be. In any case, such amount is to be determined by the Court based on the specific facts of the case. Thus, they are speculative. As a result, at this stage, the Court has no basis to evaluate these amounts for inclusion into the amount in controversy.

As to attorneys' fees, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Phlberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at*3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and declines to include prospective attorneys' fees into the amount in controversy caculation.

Accordingly, Defendant has failed to support that the amount in controversy exceeds $75,000 by a preponderance of evidence.

This case is hereby **REMANDED** to state court.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer